IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| WILLIAM M. SECHLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:08CV621 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff William M. Sechler, Jr. seeks judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner's final decision denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Commissioner's denial decision became final on July 2, 2008, when the Appeals Council found no basis for review of the hearing decision of the Administrative Law Judge ("ALJ"). In this action, the parties have filed cross-motions for judgment, and the administrative record has been certified to the Court for review.

### The Claimant

Plaintiff was born on July 31, 1958, and was 43 years of age on the earliest date open to adjudication. He has a high school education. Plaintiff has past relevant work experience as a welder. Plaintiff alleges disability as of May 15, 1999, due to pain resulting from two surgeries on his lumbar spine.

## The Administrative Proceedings

Plaintiff filed applications for Disability Insurance Benefits and SSI on September 16, 2004, alleging disability as of May 15, 1999, due to pain resulting from two surgeries on his lumbar spine.[1] His claim was denied initially and on reconsideration, and Plaintiff filed a request for a hearing. A hearing was held on August 21, 2007 and a decision denying benefits was issued on March 13, 2008. Plaintiff filed a request for review, and on July 2, 2008, the Appeals Council found no basis for review of the ALJ's decision. Plaintiff then filed this request for judicial review.

The findings of the ALJ relevant to this review include the following:

1. Plaintiff met the disability insured status requirements of the Social Security Act through December 31, 2004.

2. Plaintiff has not engaged in substantial gainful activity since April 9, 2002, the earliest date open to adjudication.

3-4. Plaintiff's degenerative disc disease of the lumbar and lumbosacral spine and osteoarthritis of the knees are severe impairments but do not meet or

---

[1] Plaintiff previously filed an application for Disability Insurance Benefits on January 15, 2002, which was denied at the initial level on April 8, 2002. The ALJ declined to reopen the earlier case, and accordingly found that the earliest date open to adjudication in the instant DIB claim is April 9, 2002. Plaintiff also previously filed an application for SSI on March 19, 2002, which was denied on the basis of excess income. Accordingly, the ALJ found in the instant case that the earliest date open to adjudication on the instant application for SSI is September 16, 2004.

medically equal one of the listed impairments in Appendix 1 to Subpart P of Social Security Regulation No. 4.

5. Plaintiff has the residual functional capacity to perform light work with alternate sitting, standing and walking as required to maintain comfort.

6. Plaintiff is unable to perform his past relevant work.

7-9. Plaintiff was born on July 31, 1958, and was 43 years old, defined as a younger individual, on April 9, 2002, the earliest date open to adjudication. He has a high school education and can communicate in English. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that Plaintiff is not disabled regardless of whether he has transferable job skills.

10-11. Considering Plaintiff's age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Therefore, Plaintiff has not been under a disability as defined by the Social Security Act from April 9, 2002 through the date of the decision.

## The Scope of Review

The scope of judicial review by this Court of the Commissioner's decision denying benefits is limited. *Frady v. Harris*, 646 F.2d 143, 144 (4th Cir. 1981). The Court must review the entire record to determine whether the Commissioner has applied the correct legal

standards and whether the Commissioner's findings are supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Where this is so, the Commissioner's findings are conclusive. The Court may not reweigh conflicting evidence that is substantial in nature and may not try the case *de novo*. *Id.* Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted), or "evidence which . . . consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (citations omitted).

Discussion

In making a decision on Plaintiff's claim, the ALJ followed a five-step analysis set out in the Commissioner's regulations. 20 C.F.R. §§ 404.1520, 416.920 (2009). Under the regulations, the ALJ is to consider whether a claimant (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and if not, (5) whether he can perform other work. The burden of persuasion is on the claimant through the fourth step. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). If the claimant reaches the fifth step, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform considering his age, education and work experience. *Id.*

-4-

In this case, the ALJ found that Plaintiff met the disability insured status requirements of the Social Security Act on April 9, 2002, the earliest date open to adjudication, and continued to meet them through December 31, 2004. At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity at any time relevant to the ALJ's decision. Proceeding to steps two and three, the ALJ found that Plaintiff suffers from degenerative disc disease of the lumbar and lumbosacral spine and osteoarthritis of the knees, severe impairments, but does not have an impairment or combination of impairments that meets or equals the ones listed in Appendix 1, Subpart P, Regulations Number 4.

The ALJ concluded his evaluation at steps four and five, finding that Plaintiff has the residual functional capacity for light work which allows for alternate sitting, standing and walking as required to maintain comfort. However, the ALJ found that Plaintiff is not able to return to his past relevant work. At step five, the ALJ found that because any limitations on Plaintiff's ability to perform a full range of light work have little or no effect on the occupational base of unskilled work, the Medical-Vocational Guidelines (the "Grids") were applicable. The ALJ concluded that considering Plaintiff's age, education, work experience and residual functional capacity,[2] there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

---

[2] The ALJ considered and applied the Grids under the capability to perform work at either the light or sedentary level, and concluded that in either case, the Grids direct a finding of not disabled. (Tr. at 20.)

In this action for judicial review, Plaintiff argues that the ALJ erroneously found that Plaintiff is capable of performing light work, and specifically, that the ALJ failed to give sufficient weight to the opinions of Plaintiff's treating physicians regarding his ability to perform work. (Docket No. 11-2, Pl.'s Mem. in Supp. of Pl.'s Mot. to Rev. the Decision of the Comm'r of Soc. Sec. or in the Alternative to Remand for a Reh'g, at 3-6.)

The ALJ considered and discussed Plaintiff's treatment history with his neurosurgeon, Dr. Ranjan S. Roy, and his primary care physician, Dr. John F. Barr. (*See* Tr. at 14-19.) The ALJ noted that Plaintiff underwent a right L5-S1 hemilaminectomy and discectomy in June 1999, and fusion of the lumbosacral spine in January 2002. *(Id.* at 16-17.) The ALJ further noted that Dr. Roy's medical records revealed that following the 2002 surgery, Plaintiff was "'exceptionally well,'" that Plaintiff was very happy with the results of his surgery and requested to be discharged from care. (*Id.*)(quoting *id.* at 367). Dr. Roy also opined in February 2003 that Plaintiff continued to do extremely well and was able to perform "'sedentary'" work with limited bending and twisting and lifting up to 15 pounds. (*Id.* at 17)(quoting *id.* at 368). As the ALJ also noted, there is no record evidence that Plaintiff thereafter sought or received further treatment from Dr. Roy.

Plaintiff argues that the ALJ failed to accord sufficient weight to Dr. Roy's opinion that Plaintiff is capable of merely sedentary work. The Court disagrees. There is substantial evidence in the record supporting the ALJ's RFC assessment, including one opinion from a non-examining physician that Plaintiff is capable of a wide range of light work, *(id.* at 151-

58), and two further opinions from non-examining physicians that Plaintiff is capable of medium level work. (*Id.* at 159-66, 181-88.) *Smith v. Schweiker*, 795 F.2d 343, 345-46 (4th Cir. 1986)(a non-examining state agency doctor's opinion, when consistent with other evidence in the record, can constitute substantial evidence in support of the ALJ's findings); *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984)(same).

There is also evidence in Dr. Barr's medical records that Plaintiff continued to work in construction in 2002, 2004 and 2005 despite claims of disabling back and knee pain. (*Id.* at 450, 456.) A notation from May 2007 also indicates that with medication, Plaintiff continued to do housework and mow his yard. (*Id.* at 467.) Plaintiff's activities are inconsistent with claims of disabling pain, and support the ALJ's finding that Plaintiff is able to perform light work.

Nevertheless, even if there was not substantial evidence supporting the ALJ's RFC finding, that error would be harmless. It is undisputed that Dr. Roy opined that Plaintiff is capable of sedentary work. (*See* Docket No. 11-2 at 6.) Indeed, Plaintiff argues that the ALJ erred in not accepting this opinion. Yet, the ALJ, in finding Plaintiff not disabled, considered Plaintiff's ability to perform work at both the sedentary and light levels, and correctly determined that in both cases, the Grids require a finding of not disabled.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion to reverse the decision of the Commissioner (Docket No. 11) be denied, that the Commissioner's motion

for judgment on the pleadings (Docket No. 12) be granted, and that judgment be entered in favor of the Commissioner.

                                                 /s/ P. Trevor Sharp
                                            United States Magistrate Judge

Date: June 22, 2010